UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES MURRAY,

                              Plaintiff,

                                                          **Hon. Hugh B. Scott**

                    v.
                                                          08CV392S

                                                          **Order**

GLENN S. GOORD, et al.,

                              Defendants.

_____

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 41; see Docket No. 8, initial referral Order).  The instant matter before the Court is

defendants' motion for summary judgment (Docket No. 32).  Following referral of this matter,

responses initially were due by February 7, 2011, with any reply due by February 15, 2011, and

the motion was deemed submitted (without oral argument) on February 15, 2011 (Docket

No. 42).  Following plaintiff's timely motion for extension of this briefing schedule (Docket

No. 43), responses were due by March 28, 2011, with any reply due by April 11, 2011, and the

motion deemed submitted as of April 11, 2011 (Docket No. 44).  This was again extended on

plaintiff's motion (Docket No. 45) to have responses due by May 2, 2011, and any replies by

May 16, 2011 (Docket No. 46).  Additional extensions were sought (Docket Nos. 47, 50) and

granted, until plaintiff's latest deadline to respond was September 9, 2011 (Docket No. 52; see

Docket No. 49).  Finally, plaintiff moved again to extend his response time, by 30-60 days, and

for appointment of counsel, although plaintiff states that he has funds to retain counsel (Docket No. 55).

## BACKGROUND

This is a prisoner's civil rights action, prosecuted <u>pro se</u>, in which plaintiff alleges that he was deprived of pain medication and access to certain medical devices while incarcerated in Southport Correctional Facility ("Southport") (Docket No. 1, Compl.).  Prior to his transfer to Southport and while at Auburn Correctional Facility, plaintiff was prescribed pain medication in May 2005 for a broken rib.  Plaintiff was transferred to Southport on May 27, 2005.  He alleges that defendants created policies to deny him pain medication upon this transfer and to discontinue previously issued medical permits for allowing him to be cuffed in the front and permitting him to wear boots.  Upon his arrival at Southport, plaintiff's medication was confiscated.  He was told by a facility nurse that it was Department of Correctional Services' ("DOCS") policy not to honor the medical orders from other DOCS facilities.  Plaintiff was not seen immediately by a facility doctor upon arriving at Southport, and he was denied medication and medical orders.  Plaintiff was told he had to sign up to see the next available doctor.  He was told he was sent over-the-counter pain medication but never received it.  (Docket No. 1, Compl. at 5, 7 of 11 to 8 of 11, 9 of 11 (Continuation of First Claim).)  After a further delay, plaintiff was x-rayed and the x-ray revealed that he had a broken rib, when he began to receive pain medication (<u>id.</u> at 9 of 11 (Continuation of First Claim)).

Plaintiff alleges deliberate indifference, seeking unspecified compensatory and punitive damages.  He also seeks declaratory and injunctive relief to enjoin DOCS from interfering with doctors' orders without another doctor seeing the inmate patient (although he filed this action

from Upstate Correctional Facility) (id. at 5, 7, 1).  He filed this Complaint (executed on May 20,

2008) on May 29, 2008 (id. at 7).  Defendants jointly answered (Docket No. 7) and later filed the

pending summary judgment motion (Docket No. 32).

## DISCUSSION

Summary judgment is appropriate only if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law.  Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(c).  The party

seeking summary judgment has the burden to demonstrate that no genuine issue of material fact

exists.  In determining whether a genuine issue of material fact exists, a court must examine the

evidence in the light most favorable to, and draw all inferences in favor of, the non-movant.

Ford, supra, 316 F.3d at 354.  "A dispute regarding a material fact is genuine 'if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party.' " Lazard Freres &

Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty

Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997).  While the moving party

must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986), the party against whom summary judgment is sought, however, "must do more

than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he

nonmoving party must come forward with specific facts showing that there is a genuine issue for

trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)

(emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124

(2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56(a)(1), (2) (effective Jan. 1, 2011). The movant is to submit facts in which there is no genuine issue, id. R. 56(a)(1), while the opponent submits a statement of material facts as to which it is contended that there exists a genuine issue to be tried in response to the movant's numbered paragraphs from its statement, id. R. 56(a)(2). "Each statement by the movant or opponent pursuant to this Local Rule must be followed by citation to evidence that would be admissible, as required by Federal Rule of Civil Procedure 56(e)," with citations identifying "with specificity" the relevant page or paragraph of the cited authority, id. R. 56(a)(3). All material facts stated in movant's statement that are not controverted by opponent's counter-statement is deemed admitted, id. R. 56(a)(2). The purpose of these statements, and the appendix of supporting evidence, see id. R. 56(a)(4), is to summarize and highlight for the Court the material factual issues, the authority in the evidentiary record for the purported facts, and whether the parties believe they are in dispute.

An additional factor here is the fact that plaintiff is proceeding pro se. The pleading of a pro se plaintiff, however, is to be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972) (per curiam).

> "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, [550 U.S. 544, 555,] 127 S. Ct. 1955, 1964, (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp., supra, at 555-56, 127 S. Ct. 1955, 1964, (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002); Neitzke v.

> <u>Williams</u>, 490 U.S. 319, 327 (1989); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236
> (1974)).”

<u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (per curiam).  In <u>Erickson</u>, the Court held that the

Tenth Circuit departed from the liberal pleading standards of Rule 8(a)(2) by dismissing a <u>pro se</u>

inmate’s claims.

> “The Court of Appeals’ departure from the liberal pleading standards set forth by
> Rule 8(a)(2) is even more pronounced in this particular case because petitioner
> has been proceeding, from the litigation’s outset, without counsel.  A document
> filed <u>pro se</u> is ‘to be liberally construed,’ <u>Estelle v. Gamble</u>, 429 U.S., 97, 106
> (1976)], and ‘a <u>pro se</u> complaint, however inartfully pleaded, must be held to less
> stringent standards than formal pleadings drafted by lawyers,’ <u>ibid.</u> (internal
> quotation marks omitted). <u>Cf.</u> Fed. Rule Civ. Proc. 8(f) (“All pleadings shall be
> so construed as to do substantial justice”).

551 U.S. at 94; <u>see</u> <u>Boykin v. KeyCorp</u>, 521 F.3d 202, 213-14 (2d Cir. 2008).

Under Rule 56(d) if a nonmovant “shows by affidavit or declaration that, for specific

reasons, it cannot present facts essential to justify its opposition, the court may: . . . defer

considering the motion or deny it; . . . allow time to obtain affidavits or declarations or to take

discovery; or . . . issue any other appropriate order,” Fed. R. Civ. P. 56(d)(1)-(3).

Here, plaintiff has repeatedly sought additional time to respond to this motion, claiming

that he needed time to retain counsel.  Unlike most <u>pro se</u> inmate plaintiffs, plaintiff has funds to

retain counsel but (like most inmates) has been unable to locate counsel or (as asserted in his last

motion) unable even to communicate with potential counsel (<u>see</u> Docket No. 55).  In his initial

request for extension of time, plaintiff stated that he did not access to a directory of lawyers or

the Yellow Pages to identify trial attorneys who handle civil rights cases (Docket No. 43, Pl.

Affirm. ¶ 8[1]) and he could not obtain statements directly from other inmates that an attorney could (id. ¶¶ 5, 9).  After this Court recommended that plaintiff contact the Bar Association of Erie County Lawyer Referral & Information Service (Docket No. 44, Order at 2), plaintiff was informed by that agency that it "was not designed to provide legal assistance or referrals to prisoners" and declined to give him a referral (Docket No. 45, Pl. Affirm., Ex.).  The Court then granted a further extension, which was to be the last (Docket No. 46, Order).  Plaintiff then sought a further extension, arguing that his papers were destroyed during a search of his cell and that plaintiff renewed his request for time to retain counsel, stating that attorneys he contacted either did not respond or declined to take his case (Docket No. 48, Pl. Affirm. ¶¶ 5, 6).  On August 8, 2011, plaintiff filed another motion for an extension, arguing that prison officials failed to sign the disbursement for postage for his responding papers and then misplaced his papers, alleging that prison staff has violated plaintiff's legal mail (due, in part, because plaintiff is not represented by counsel) (Docket No. 51, Pl. Affirm. ¶¶ 3-5, 6-7, 17).  Plaintiff sought referral of this case to mediation (id.) which defendants opposed (Docket No. 53) and that request was denied at that time (Docket No. 54).  In his latest motion (Docket No. 55), plaintiff renews his request to extend his response deadline by 30-60 days and his request for appointment of counsel that he would retain.  He states in this motion that he lacks access to a telephone to call potential attorneys (id. at 1).

Although plaintiff has not invoked Rule 56(d), his motions seeking extension of his response date and the reasons stated therein clearly show that he currently cannot present facts in

---

[1]Plaintiff currently is housed at the Upstate Correctional Facility, in Malone, New York, in the Northern District of New York.  He is seeking counsel to appear in Buffalo, New York, in the Western District of New York.

opposition to defendants' summary judgment motion.  Even if plaintiff were granted 60 more days to respond, without the means to contact potential counsel he probably would make a similar motion then seeking additional time.

Appointment of counsel in a civil case where the party agrees to pay them is unprecedented.  Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants, specifically when a person is "unable to afford counsel," id.; Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988).  If plaintiff lacked financial resources to hire counsel, the Court's assignment of counsel in this matter is clearly within the judge's discretion, see In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1986), but there is no provision for the Court to be involved in retaining counsel where the party can afford to retain counsel.  This is akin to circumstances where pro se inmate sues where substantial damages may be recovered and counsel could be found willing to accept employment on a contingent fee basis, see Ferguson v. Fleck, 480 F. Supp. 219, 222 (W.D. Mo. 1979).  The problem here, however, is plaintiff's circumstances are such that his ability to contact potential attorneys is greatly restricted.  Thus, the Court **denies** plaintiff's motion for Court assignment of counsel but **grants** him 60 days, until **December 19, 2011**, to respond (either through newly retained counsel or proceeding pro se).  This will be the **final extension of plaintiff's response deadline**, save an appearance of counsel requesting additional time in order to become familiar with the case.  If plaintiff still cannot retain counsel and cannot respond by December 19, 2011, he risks having the defense motion granted and his case dismissed for failure to prosecute.

**CONCLUSION**

Based upon the above, plaintiff's motion (Docket No. 55) for extension of time to

respond is **granted**, plaintiff's response is due **December 19, 2011**.  His motion for assignment

or appointment of counsel by this Court is **denied**

SO ORDERED.

_____
/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        September 23, 2011

8