UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES MURRAY,

       Plaintiff,

                **Hon. Hugh B. Scott**

      v.           08CV392S

                **Report
&
Recommendation**

GLENN S. GOORD, et al.,

       Defendants.

  This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 41; see Docket No. 8, initial referral Order). Before the Court is defendants' motion for summary judgment (Docket No. 32). Following referral of this matter, responses initially were due by February 7, 2011, with any reply due by February 15, 2011, and the motion was deemed submitted (without oral argument) on February 15, 2011 (Docket No. 42). Following plaintiff's timely motion for extension of this briefing schedule (Docket No. 43), responses were due by March 28, 2011, with any reply due by April 11, 2011, and the motion deemed submitted as of April 11, 2011 (Docket No. 44). This was again extended on plaintiff's motion (Docket No. 45) to have responses due by May 2, 2011, and any replies by May 16, 2011 (Docket No. 46). Additional extensions were sought (Docket Nos. 47, 50) and granted, until plaintiff's latest deadline to respond was September 9, 2011 (Docket No. 52; see Docket No. 49). Finally, plaintiff moved again to extend his response time, by 30-60 days, and for appointment of

counsel, although plaintiff states that he has funds to retain counsel (Docket No. 55). That motion was granted in part, to have plaintiff's response due by December 19, 2011 (Docket No. 56). Plaintiff again moved for a further extension of time (Docket No. 58) and for appointment of counsel (Docket No. 60). Here, plaintiff argues that corrections officers had seized his responding papers and that these papers were not available for review by Kevin Nichols, an attorney potentially interested in appearing in this case (Docket No. 58, Notice of Motion; see generally Docket No. 59, Pl. Aff.; Docket No. 61, Pl. Affirm. in Opp. ¶ 11). Meanwhile, upon the request of an attorney, Kevin Nichols, who plaintiff approached to possibly represent him in this action, this Court granted a brief extension, until January 30, 2012, for plaintiff to respond to defendants' motion for summary judgment, allowing time for that attorney to review the case and determine whether to represent plaintiff herein (Docket No. 57, Order of Dec. 19, 2011). This Order and the entry of plaintiff's last motions apparently crossed.

In the midst of this last motion practice, plaintiff filed a Rule 56(d) Affirmation in opposition to the defense motion (Docket No. 61), arguing why he cannot adequately respond to the motion. He contends that, based upon his lack of counsel, his inability to obtain inmate statements, the alleged thefts of his court papers by prison staff, and the distance between him and this Court, he could not respond. (See id.) His last motion for extension of time to respond was deemed moot given his Rule 56(d) response (Docket No. 62, Order of Dec. 30, 2011, at 3), but this Court indicated that a further briefing schedule would be entered upon resolution of the counsel issue (id. at 4-5). That Order also held in abeyance plaintiff's last application for appointment of counsel, awaiting whether Mr. Nichols would accept the case (and possible appointment) (id. at 3-4). On January 25, 2012, Chambers of the undersigned received a letter

from Mr. Nichols declining to accept this case (letter of Kevin Nichols, Esq., to Chambers, Jan. 25, 2011, by fax, with copy to plaintiff and defense counsel).

## BACKGROUND

This is a prisoner's civil rights action, prosecuted pro se, in which plaintiff alleges that he was deprived of pain medication and access to certain medical devices while incarcerated in Southport Correctional Facility ("Southport") (Docket No. 1, Compl.). Prior to his transfer to Southport and while at Auburn Correctional Facility, plaintiff was prescribed pain medication in May 2005 for a broken rib. Plaintiff was transferred to Southport on May 27, 2005. He alleges that defendants created policies to deny him pain medication upon this transfer and to discontinue previously issued medical permits for allowing him to be cuffed in the front and permitting him to wear boots. Upon his arrival at Southport, plaintiff's medication was confiscated. He was told by a facility nurse that it was Department of Correctional Services' ("DOCS") policy not to honor the medical orders from other DOCS facilities. Plaintiff was not seen immediately by a facility doctor upon arriving at Southport, and he was denied medication and medical orders. Plaintiff was told he had to sign up to see the next available doctor. He was told he was sent over-the-counter pain medication but he claims he never received it. (Docket No. 1, Compl. at 5, 7 of 11 to 8 of 11, 9 of 11 (Continuation of First Claim).) After a further delay, plaintiff was x-rayed and the x-ray revealed that he had a broken rib, when he began to receive pain medication (id. at 9 of 11 (Continuation of First Claim)).

Plaintiff alleges deliberate indifference, seeking unspecified compensatory and punitive damages. He also seeks declaratory and injunctive relief to enjoin DOCS from interfering with doctors' orders without another doctor seeing the inmate patient (although he filed this action

from Upstate Correctional Facility) (id. at 5, 7, 1). He filed this Complaint (executed on May 20, 2008) on May 29, 2008 (id. at 7). Defendants jointly answered (Docket No. 7) and later filed the pending summary judgment motion (Docket No. 32).

## DISCUSSION

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(c). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56(a)(1), (2) (effective Jan. 1, 2011). The movant is to submit facts in which there is no genuine issue, id. R. 56(a)(1), while the opponent submits a statement of material facts as to which it is contended that there exists a genuine issue to be tried in response to the movant's numbered paragraphs from its statement, id. R. 56(a)(2). "Each statement by the movant or opponent pursuant to this Local Rule must be followed by citation to evidence that would be admissible, as required by Federal Rule of Civil Procedure 56(e)," with citations identifying "with specificity" the relevant page or paragraph of the cited authority, id. R. 56(a)(3). All material facts stated in movant's statement that are not controverted by opponent's counter-statement is deemed admitted, id. R. 56(a)(2). The purpose of these statements, and the appendix of supporting evidence, see id. R. 56(a)(4), is to summarize and highlight for the Court the material factual issues, the authority in the evidentiary record for the purported facts, and whether the parties believe they are in dispute.

An additional factor here is the fact that plaintiff is proceeding pro se. The pleading of a pro se plaintiff, however, is to be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972) (per curiam).

> "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, [550 U.S. 544, 555,] 127 S. Ct. 1955, 1964, (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp., supra, at 555-56, 127 S. Ct. 1955, 1964, (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002); Neitzke v.

>      Williams, 490 U.S. 319, 327 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236
>      (1974))."

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). In Erickson, the Court held that the Tenth Circuit departed from the liberal pleading standards of Rule 8(a)(2) by dismissing a pro se inmate's claims.

> "The Court of Appeals' departure from the liberal pleading standards set forth by
> Rule 8(a)(2) is even more pronounced in this particular case because petitioner
> has been proceeding, from the litigation's outset, without counsel. A document
> filed pro se is 'to be liberally construed,' Estelle v. Gamble, 429 U.S., 97, 106
> (1976)], and 'a pro se complaint, however inartfully pleaded, must be held to less
> stringent standards than formal pleadings drafted by lawyers,' ibid. (internal
> quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be
> so construed as to do substantial justice").

551 U.S. at 94; see Boykin v. KeyCorp, 521 F.3d 202, 213-14 (2d Cir. 2008).

Under Rule 56(d) if a nonmovant "shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition, the court may: . . . defer considering the motion or deny it; . . . allow time to obtain affidavits or declarations or to take discovery; or . . . issue any other appropriate order," Fed. R. Civ. P. 56(d)(1)-(3).

Here, plaintiff has repeatedly sought additional time to respond to this motion. He argued that he needs time to retain counsel. Unlike most pro se inmate plaintiffs, plaintiff had funds to retain counsel but has been unable to locate counsel, (as asserted in his last motion) unable even to communicate to potential counsel (see Docket No. 55), or restrictions have been placed upon his access to the judgment proceeds and that the costs of litigating this action (pending in Buffalo, New York) from Pine City, New York, and elsewhere (see id., Pl. Affirm. ¶ 5[1]) were

---

[1] Plaintiff is housed at the Upstate Correctional Facility, in Malone, New York, see, e.g., Docket No. 60, Cert. of Service. It is not clear when plaintiff was most recently at Southport Correctional Facility, in Pine City.

more than he anticipated (see generally id.). In his initial request for extension of time, plaintiff stated that he did not have access to a directory of lawyers or the Yellow Pages to identify trial attorneys who handle civil rights cases (Docket No. 43, Pl. Affirm. ¶ 8) and he could not obtain statements directly from other inmates as an attorney could (id. ¶¶ 5, 9). After this Court recommended that plaintiff contact the Bar Association of Erie County Lawyer Referral & Information Service (Docket No. 44, Order at 2), plaintiff was informed by that agency that it "was not designed to provide legal assistance or referrals to prisoners" (Docket No. 45, Pl. Affirm., Ex.). The Court then granted a further extension, which was to be the last (Docket No. 46, Order). Plaintiff then sought a further extension, arguing that his papers were destroyed during a search of his cell, and that plaintiff renewed his request for time to retain counsel. Therein he stated that the attorneys he contacted either did not respond or declined to take his case (Docket No. 48, Pl. Affirm. ¶¶ 5, 6). On August 8, 2011, plaintiff filed another motion for an extension, arguing that prison officials failed to sign the disbursement for postage for his responding papers and then misplaced his papers, alleging that prison staff has violated plaintiff's legal mail (due, in part, because plaintiff is not represented by counsel) (Docket No. 51, Pl. Affirm. ¶¶ 3-5, 6-7, 17). Plaintiff sought referral of this case to mediation (id.) which defendants opposed (Docket No. 53) and that request was denied at that time (Docket No. 54). In his latest motion (Docket No. 55), plaintiff renews his request to extend his response deadline by 30-60 days and his request for appointment of counsel that he would retain. He states in this motion that he lacks access to a telephone to call potential attorneys (id. at 1).

Plaintiff then invokes Rule 56(d) (Docket No. 61), his motions seeking extension of his response date and the reasons stated therein clearly show that he cannot present facts in

7

opposition to defendants' summary judgment motion. Even if plaintiff were granted 60 days to respond, without the means to contact potential counsel he would make a similar motion 60 days from now seeking additional time. Appointment of counsel in a civil case where the party agrees to pay them is unprecedented. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants, specifically when a person is "unable to afford counsel," id.; Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). If plaintiff lacked resources to hire counsel, the Court's assignment of counsel in this matter is clearly within the judge's discretion, see In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1986), but there is no provision for the Court to be involved in the attorney-client relationship where the party can afford to retain counsel. The problem here, however, is that plaintiff's circumstances are such that his ability to contact potential attorneys is greatly restricted. The Court is in no position to remedy this situation. The Court **denies** plaintiff's motion for Court assignment of counsel (Docket No. 60). It is recommended, that the defense motion for summary judgment (Docket No. 32) be **denied** pursuant to Rule 56(d) due to plaintiff's inability to respond.

## CONCLUSION

Based upon the above, it is recommended that defendants' motion for summary judgment (Docket No. 32) be **denied**.

Plaintiff's motion (Docket No. 60) for appointment of counsel is **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS** to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
January 27, 2012