UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES MURRAY,

                Plaintiff,

                        v.                        **Hon. Hugh B. Scott**

                                        08CV392S

                                        **Order**

GLENN S. GOORD, et al.,

                Defendants.

Before the Court is defendants' motion (Docket No. 67) for reconsideration of the Report & Recommendation (Docket No. 63) recommending denying their motion for summary judgment (Docket No. 32) or seeking clarification of that Report. Previously, defendants also filed Objections to the Report & Recommendation (Docket No. 64), which was scheduled for briefing[1] (Docket No. 66).

The Report recommended denial of the defense summary judgment motion because plaintiff filed a Rule 56(d) affirmation (Docket No. 61) of his inability to respond to the defendants' motion (Docket No. 63, Report & Rec. at 2, 6-8). Plaintiff claimed that he could not retain counsel (or obtain Court appointed counsel), and that the Department of Corrections and Community Supervision ("DOCCS") failed to provided paralegal assistance (Docket No. 61, Pl. Affirm. ¶¶ 7-10, 6). He states that he was unable to question potential inmate witnesses or learn their location (id. ¶¶ 4, 18). As for discovery, plaintiff claims that he relied upon progress in

---

[1] Responses are due by February 27, 2012, and any reply by March 8, 2012, with oral argument to be scheduled if determined necessary by Chief Judge Skretny, Docket No. 66.

settlement talks and now claims that he did not get sufficient time to complete discovery (id. ¶ 5). He claims that he needs discovery to show that Dr. Alves violated internal policies in depriving plaintiff of desired medical equipment (id. ¶ 15), that defendants distributed medication but apparently not to him (id. ¶ 16), and discovery showing that defendants Brandt, Alves, and Northrop could have helped plaintiff but did not (id. ¶ 17).  He also alleged that his court papers were stolen by prison staff (id. ¶ 11).  Separately, he complained that the distance between the courthouse and where he is housed hindered his ability to respond (see Docket No. 63, Report & Rec. at 2).

Defendants seek reconsideration since they did not have an opportunity to respond to plaintiff's Rule 56(d) affirmation (Docket No. 68, Defs. Atty. Decl. ¶ 13).  They argue that plaintiff never sought discovery and did not specify what discovery he needed in his Rule 56(d) affirmation to show disputed material facts (Docket No. 69, Defs. Memo. at third unnumbered page; see Docket No. 64, Defs. Objections at third unnumbered page).  Defendants arguments in objecting to the Report & Recommendation are based upon these deficiencies in plaintiff's Rule 56(d) affirmation (see Docket No. 64, Defs. Objections).

Defendants cite two cases from this Court for the standard for Rule 56(d) affirmation (Docket No. 69, Defs. Memo. at second unnumbered page n.2; see also Docket No. 64, Defs. Objections at fourth unnumbered page n.14), Thurber v. Aetna Ins. Co., No. 09CV279, 2012 WL 70582, at *5 (W.D.N.Y. Jan. 6, 2012)(Skrenty, Ch. J.); Carpenter v. Churchville Greene Homeowner's Ass'n, Inc., No. 09CV6552, 2011 WL 710204 (W.D.N.Y. Feb. 22, 2011); in both of these cases the plaintiffs were represented when they claimed their inability to respond to pending summary judgment motions.  Here, plaintiff is proceeding pro se and has repeatedly

sought counsel, in vain.  The cited cases did not consider the added burden of an incarcerated pro se party in responding to a summary judgment motion.

Given that defendants raise these same arguments in its Objections to the Report & Recommendation as are raised in this motion for reconsideration (Docket No. 67), reconsideration by this Court is **denied**.

As for the alternative clarification of the scope of relief, assuming that defendants' objections are not accepted in full, the parties have until **May 18, 2012,** to conduct and complete discovery.  After that date, defendants may renew their motion for summary judgment (or supplement it with any additional grounds) by **June 8, 2012**; plaintiff may respond by **July 9, 2012**; defendants then may reply by **July 23, 2012**, and any defense motion for summary judgment will be deemed submitted (without oral argument) on **July 23, 2012**.

So Ordered.

                                                    /s/ Hugh B. Scott
                                                    Honorable Hugh B. Scott
                                                    United States Magistrate Judge

Dated: Buffalo, New York
       February 29, 2012